IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANESHA NICOLAY COLEMAN, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-1155-N-BK |
| | § | |
| PATRICIA GROOM, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including making findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED** for failure to comply with court orders and for want of prosecution.

I.

On May 14, 2019, Coleman, self-described as "a natural person," filed a *pro se* Complaint against the United States Postal Service and other officials and an *IFP Motion*. Doc. 3; Doc. 4. However, Coleman's *IFP Motion* did not provide enough information to permit the Court to determine if she should be granted *in forma pauperis* status. Thus, the Court ordered Coleman to fully respond to every inquiry in the *IFP Motion* and specifically admonished that (1) she "failed to respond to the inquiries in the monthly expense section of the motion," (2) "'N/A' or zero is not a sufficient response," and (3) she must "explain who pays her living expenses." Nevertheless, Coleman's second *IFP Motion* again listed only zeros and failed to explain who was paying her living expenses. Doc. 7. In a letter included with the second IFP Motion, Coleman states:

> What information that is on my in forma pauperis is true. I can only promise to pay as we live in a debt base society and the United States is in debt. Federal Reserved Notes (FRN) are only used for banking and banking purposes only according to Title 12 section 411.

Doc. 7 at 6. Coleman also enclosed copies of (1) Public Law 73 from June 18, 1953, (2) an article dated December 14, 2018, "It's official: The Federal Reserve is insolvent," and (3) the opinion in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), addressing the federal government authority to disburse funds or paying its debts. Doc. 7 at 8-20.

Thus the Court issued a second deficiency order, again requesting either that the $400.00 filing fee be paid or that Coleman file yet another *IFP Motion* with responses to every inquiry and an explanation of who paid Coleman's living expenses. Doc. 8. The Court further explained:

> Coleman avers that requiring her to identify who pays her expenses "is not a question on [the AO 239] form" and, nevertheless, that "[n]o one pays my living expenses as I have none." Doc. 7 at 6. However, Coleman states that she resides at 2967 Celian Drive, Grand Prairie, TX 76053, which publicly available information indicates is a 3,336 square foot home with four bedrooms and two baths. Doc. 3 at 1; Doc. 7 at 5. Moreover, notwithstanding that Coleman did not adequately complete the AO 239 form, the Court's inquiries are not restricted only to those in the form.

Doc. 8.

Plaintiff once again failed to comply, instead asserting that: (1) the undersigned United States magistrate judge lacked authority over this case; (2) only she, as Plaintiff, can dismiss this civil action; and (3) she is automatically entitled to proceed without payment of fees. Doc. 9 at 1-3. In the interest of justice, the Court issued yet another deficiency order explaining the fallacy of Plaintiff's position and extending the deadline to August 7, 2019 to cure the noted deficiencies in her Complaint and pay the filing fee or file a sufficient IFP motion. Doc. 10. Rather than comply, Coleman responded:

> In response to Magistrate Judge Renee Harris Toliver I don't think you understand the rules of the court as I object to your decision again as I have already done what was asked and followed the rules of the court in said timely manner. According to the Supreme Court I have followed all rules of the court. Nothing I said shows deficiency, as with the questions you are asking are not stated on said form and I have already included a response to the questions that did ask for said information. I have included with this response letter a statement from the Supreme Court as with information from the Department of Treasury. This information is sufficient to your response and should help to clarify any questions you need explained.

Doc. 11.

Making every effort, the Court then issued a *Magistrate Judge's Questionnaire*, inquiring further about Coleman's allegation of poverty, once again admonishing her of the requirement for complete responses, and, as in all previous, cautioning her that the consequences of failing with the Court's order included dismissal of this case.  Doc. 12.

In her *Answers to Magistrate Judge's Questionnaire*, Coleman wrote:

> I express my right to remain silent according to the 5th Amendment which states "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

Doc. 14 at 7-10.  Coleman also included a motion for default, in which she averred that she is a "natural person" and that the "United States Postal Service has defaulted on paying this consumer . . . in money such as gold or silver coins as wages are not a form of income 26 U.S.C §61."  Doc. 14 at 15.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review.[1] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for nearly four months, and despite the issuance of three deficiency notices/orders and a magistrate judge's questionnaire, Coleman has failed to comply with the Court's directive to provide additional financial information. As recounted here, Plaintiff's non-compliance is intentional. Moreover, because Coleman is representing herself, the delay caused by her recalcitrance is attributable to her alone. *See Berry*, 975 F.2d at 1191. Finally, in light of Plaintiff's repeated refusals to pay the filing fee

---

[1] Liberally construed, Plaintiff appears to assert a cause of action under the Federal Tort Claims Act stemming from a mercury spill at a U.S. Postal Service distribution center. *See* Doc. 3 at 91 (Right to Sue letter advising Plaintiff of the right to bring a civil action within six months).

4

or provide the financial information sought, no lesser sanction will prompt diligent prosecution of this case. Indeed, the case cannot proceed further absent payment of the filing fee or the Court's determination of the IFP motion.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims. *See Nottingham*, 837 F.3d at 441 (no abuse of discretion where the district court applied higher standard of review and dismissed *pro se* civil rights action due to plaintiff's intentional noncompliance with court orders).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution. *See* FED. R. CIV. P. 41(b). Plaintiff's motions to proceed *in forma pauperis* should also be **DENIED**. Doc. 4; Doc. 7.

**SO RECOMMENDED** on September 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).